MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David J. Benak, et al., | No. CV 13-8004-PCT-DGC (SPL) |
| Plaintiffs, | |
| vs. | **ORDER** |
| Board of Yavapai County Supervisors, et al., | |
| Defendants. | |

On January 8, 2013, Plaintiffs David J. Benak, Jose L. Islas, Jerry Shelton, Jr., James W. Pletcher, Jeffrey Jensen, and Troy Sims, who are confined in the Yavapai County Detention Facility, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). That same day, Nora Jenkins paid the filing fee for the benefit of Plaintiff Sims.

On February 8, 2013, Plaintiff Benak filed a Motion for Status (Doc. 3) and a Motion to Expedite (Doc. 4) and Plaintiff Sims filed a "Motion for 'Official pro per Status' Ordering Defendants to Grant Law Library Access" (Doc. 5). On February 22, 2013, an individual named Erminio Serna filed a Document (Doc. 6) entitled "Injunction Relief." On April 29, 2013, Plaintiff Benak filed a Document (Doc. 7) requesting information regarding the status of the case.

**JDDL**

**I.      Severance of Action in Separate Cases**

Generally, plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20. However, Rule 21 of the Federal Rules of Civil Procedure authorizes the Court to drop parties on just terms and sever claims. *See Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness).

Several of the claims in the Complaint are personal to a particular Plaintiff and, therefore, do not arise out of the same occurrence and do not contain common facts. But even if Plaintiffs in this action are properly joined, the Court has found that management of *pro se* multi-plaintiff inmate litigation presents significant burdens to both the parties and the Court. Plaintiffs are inmates proceeding *pro se*, and although each Plaintiff may appear on his own behalf, none may appear as an attorney for the others. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Therefore, during the prosecution of this action, each Plaintiff would be required to sign and submit his own motions and notices related to his claims in the action, and all Plaintiffs would be required to individually sign any motion or notice filed on behalf of all Plaintiffs. However, because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court. Thus, continued administration of the lawsuit by the inmates is limited, if not virtually impossible, due to the regulation of inmate-to-inmate correspondence. Moreover, inmates are subject to transfer at any time to a facility other than the one they are incarcerated in at the time of the lawsuit.

With these concerns in mind, the Court concludes that unitary adjudication of Plaintiffs' claims would result in unfairness to Plaintiffs, Defendants, and the Court's

1 goals of achieving judicial economy and maintaining efficient control of the Court's
2 docket. Allowing each Plaintiff to proceed separately, however, will overcome the
3 unfairness created by these circumstances. Therefore, the Court will sever this action
4 into individual cases and a new case number will be assigned to each individual Plaintiff.

5       A copy of the Complaint and other documents in this case and this Order will be
6 placed in each new case. **The rulings in this Order shall apply in each new case.** The
7 individual Plaintiffs must proceed independently from this point and will not be regarded
8 as co-plaintiffs, except upon further order of the Court. All further pleadings, motions or
9 other papers submitted for filing by an individual Plaintiff in his separate case must be
10 signed by the individual Plaintiff or they will be stricken.

11 **II.    Payment of Filing Fee**

12       When bringing an action, a prisoner must either pay the $350.00 filing fee in a
13 lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee
14 incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma*
15 *pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust
16 account statement for the six months preceding the filing of the Complaint. 28 U.S.C.
17 § 1915(a)(2). An inmate must submit statements from each institution where he was
18 confined during the six-month period. *Id.* To assist prisoners in meeting these
19 requirements, the Court requires use of a form application. LRCiv 3.4(a).

20       If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an
21 initial partial filing fee of 20% of either the average monthly deposits or the average
22 monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An
23 initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4).
24 The balance of the fee will be collected in monthly payments of 20% of the preceding
25 month's income credited to an inmate's account, each time the amount in the account
26 exceeds $10.00. 28 U.S.C. § 1915(b)(2).

27       Only Plaintiff Sims paid the filing fee. Because Plaintiffs Benak, Islas, Shelton,
28 Pletcher, and Jensen have not paid the $350.00 civil action filing fee or filed an

JDDL

- 3 -

Application to Proceed *In Forma Pauperis*, each Plaintiff (other than Plaintiff Sims) will be permitted 30 days from the filing date of this Order to submit a properly executed and certified Application to Proceed *In Forma Pauperis* in his individual case, using the form included with this Order, or pay the $350.00 filing fee.

**III.   Complaint**

Local Rule of Civil Procedure 3.4 requires in part that "[a]ll complaints and applications to proceed in forma pauperis by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms."

The Complaint is not in accordance with the instructions provided with the form. Section 12, Part C, of the instructions provides that "you must provide the information about each additional count on a separate page." The Complaint contains twenty-seven Counts and, on multiple occasions, a single page contains between two and four counts. Moreover, some of the counts relate to all of the Plaintiffs and some relate to only a single Plaintiff. In addition, Plaintiff Jensen failed to sign the Complaint, as required by the instructions, Federal Rule of Civil Procedure 11(a), and Local Rules of Civil Procedure 3.4 and 7.1(b)(1).[1]

The Complaint will therefore be dismissed without prejudice, with leave to amend, in order for each Plaintiff to file an amended complaint on a court-approved form that complies with the instructions provided with the form.

Within 30 days, each Plaintiff may submit a first amended complaint on a court-approved form in his individual case. The Clerk of Court will mail Plaintiffs a court-approved form to use for filing a first amended complaint. If a Plaintiff fails to use the

---

[1] In addition, Section 12, Part B, of the instructions requires a plaintiff to identify any other lawsuits the plaintiff has filed in either state or federal court while a prisoner. The Complaint only lists one lawsuit, filed by Plaintiff Benak, and it is unclear whether any of the other Plaintiffs previously filed a lawsuit in state or federal court or whether the Complaint only reflects Plaintiff Benak's prior filings.

- 4 -

court-approved form, the Court may strike that Plaintiff's amended complaint and dismiss that Plaintiff's case without further notice to that Plaintiff.

**IV.     Leave to Amend**

Within 30 days, each Plaintiff may submit a first amended complaint on the court-approved form in that Plaintiff's individual case.  The Clerk of Court will mail each Plaintiff a court-approved form to use for filing a first amended complaint.  If a Plaintiff fails to use the court-approved form, the Court may strike that Plaintiff's amended complaint and dismiss his action without further notice to that Plaintiff.

In any amended complaint, a Plaintiff must write *short*, *plain statements* telling the Court: (1) the constitutional right the Plaintiff believes was violated; (2) name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of that Plaintiff's constitutional right; and (5) what specific injury that Plaintiff suffered because of that Defendant's conduct.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

A Plaintiff must repeat this process for each person he names as a Defendant.  If a Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by the Plaintiff, the allegation against that Defendant will be dismissed for failure to state a claim.  Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable, and will be dismissed.

Each Plaintiff must clearly designate on the face of the amended complaint that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  A Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

in the original complaint is waived if it is not raised in a first amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

All pleadings must be signed by the party if the party is not represented by an attorney. Fed. R. Civ. P. 11(a) and LRCiv 3.4 and 7.1(b)(1).

**V.     Pending Motions and Documents**

   **A.     Motion for Status and Document Requesting Status**

Plaintiff Benak has filed a Motion for Status, seeking "the status of things in this case," and Document inquiring "as to what is going on with this Civil Rights Complaint." The Motion and Document are granted to the extent this Order provides Plaintiffs with the status of this case.

   **B.     Motion to Expedite and Motion for "Official Pro Per Status"**

In his Motion to Expedite, Plaintiff Benak requests that the Court expedite the proceedings because "Defendants have been retaliating to an extreme degree and . . . Plaintiff is scared and need[s] emergency injunctive relief."

In his Motion for Official Pro Per Status, Plaintiff Sims seeks an order granting Plaintiff *pro se* or *pro per* status and compelling prison officials to grant Plaintiff access to a paralegal or law library. Plaintiff Sims asserts that Defendants claim that it is their policy to require an order from the Court before granting such access.

An injunction or temporary restraining order is appropriate to grant intermediate relief of the same character as which may be granted finally, and relief is not proper when requested on matters lying wholly outside the issues in suit. *See DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *amended*, 131 F.3d 950 (11th Cir. 1997). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Because the Court has dismissed the Complaint, the Court cannot determine at this time whether the relief requested in the Motion to Expedite or Motion for Official Pro Per

Status relates to the conduct that will be asserted in the amended complaint. Thus, the Court will deny without prejudice Plaintiff Benak's Motion to Expedite and Plaintiff Sims's Motion for Official Pro Per Status.

To the extent Plaintiffs Benak and Sims allege that detention officers believe they need a Court Order before they can provide Plaintiffs with copies of court rules, law and legal research, and indigent legal supplies, **detention officers should take note** that right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). The right also includes the ability to litigate claims "without *active interference* by prison officials." *Silva v. DiVittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (emphasis in original). **If Plaintiffs are complying with prison procedures when making their requests, there is simply no reason why detention officers should be denying Plaintiffs copies of court-approved forms or refusing to assist in the completion of applications to proceed** *in forma pauperis*.

### C. Mr. Serna's Document

In his Document, Erminio Serna requests that the Court "supplement [him] to this above [e]ntitled case for" issues relating to retaliation, excessive force, and access to the courts. Mr. Serna is not a party to this lawsuit and the Court will not add him as a plaintiff, especially in light of the fact that the Court is closing this case. Mr. Serna can file his own lawsuit and raise his own claims, if he so chooses. As a courtesy to Mr. Serna, the Court will direct the Clerk of Court to send him a copy of the court-approved forms for filing a civil rights action and for seeking to proceed *in forma pauperis*.

## VI. Warnings

### A. Address Changes

A Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. A Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

A Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If a Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   This case is **severed** into individual actions, one for each Plaintiff.  The Clerk of Court **must assign** a new case number to each new individual action.

(2)   The Clerk of Court **must close** this case (13-CV-8004-PCT-DGC (SPL))) and **enter judgment** accordingly.

(3)   The Clerk of Court **must file** a copy of the present Complaint (Doc. 1) and this Order in each new case.  **The rulings in this Order shall apply in each new case.**

(4)   The individual Plaintiffs must proceed **independently** from this point and will not be regarded as co-plaintiffs, except upon further order of the Court.  All further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case must be signed by the individual Plaintiff, or they will be stricken.

(5)   Within 30 days of the date this Order is filed, Plaintiffs Benak, Islas, Shelton, Pletcher, and Jensen must either pay the $350.00 filing fee **or** file a complete Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

(6)   If a Plaintiff fails to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to that Plaintiff.

(7) The Complaint (Doc. 1) is **dismissed without prejudice** for failure to comply with Local Rule of Civil Procedure 3.4. Each Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(8) If a Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of that Plaintiff's case action without prejudice and without further notice to that Plaintiff.

(9) Plaintiff Benak's Motion for Status (Doc. 3) is **granted** to the extent this Order provides the status of this case.

(10) Plaintiff Benak's Motion to Expedite (Doc. 4) is **denied without prejudice**.

(11) Plaintiff Sims's "Motion for 'Official pro per Status' Ordering Defendants to Grant Law Library Access" (Doc. 5) is **denied without prejudice**.

(12) Erminio Serna's Document (Doc. 6) is **denied**.

(13) Plaintiff Benak's Document (Doc. 7) is **granted** to the extent this Order provides the status of this case.

(14) The Clerk of Court must mail Plaintiff Sims a court-approved form for filing a civil rights complaint by a prisoner.

(15) The Clerk of Court must mail Plaintiffs Benak, Islas, Shelton, Pletcher, and Jensen a court-approved form for filing a civil rights complaint by a prisoner **and** a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas).

(16) The Clerk of Court must mail Erminio Serna a court-approved form for filing a civil rights complaint by a prisoner **and** a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas).

Dated this 8th day of May, 2013.

_____
David G. Campbell
United States District Judge